## HIRSCH *v.* FERRIS.

CONTINUANCE *to obtain testimony of absent witness.* Where a witness departs from the territory without the knowledge of the party desiring his testimony within a few hours after the commencement of suit, the failure to serve him with subpœna cannot be regarded as negligence.

Where process was served July 10th, and motion for continuance was made
   17th August, following, and it was alleged that negotiations for settling
   the matter in controversy had been carried on in the interval with reasona-
   ble hope of success, the cause should have been continued to enable the
   defendant to take the deposition of an absent witness.

### *Error to Probate Court, Arapahoe County.*

Mr. W. C. KINGSLEY, for plaintiff in error.

Mr. S. E. BROWNE, for defendant in error.

WELLS, J.    This action was brought to the August term,
1869, of the Arapahoe probate court.    Process was served
on the 10th day of July.    On the 17th day of August, being
at the return term, the defendant, having pleaded, applied for
a continuance, which application was overruled.    A trial
was afterward had on that same day, and judgment was
given for the plaintiff.

The refusal of the application for continuance is the only
matter assigned for error.

The ground of continuance set forth in the affidavit was
the absence of a material witness ; the facts set forth as to
be proved by this witness appear to us to be material, and
it seems to be admitted by counsel that they are so.    The
only remaining question is, whether diligence had been used
to secure the attendance of the witness.

Upon this point the affidavit sets forth that the absent
witness was then, and at the commencement of the suit, a
resident of Cheyenne, in the territory of Wyoming ; that
from the time of the commencement of the suit defendant
had been endeavoring to secure a settlement of the matter
in controversy, and had hoped and expected to succeed in
these efforts until within three secular days next preceding
the making of the affidavit, when he learned for the first
time, definitely, that an adjustment of the controversy was
impossible ; that the witness named left the territory to go
to Cheyenne within a few hours after the commencement of
the action and had never returned, and that he departed
without defendant's knowledge, and while defendant was

endeavoring to secure a settlement with the plaintiff, and still reasonably supposed that such settlement would be effected.

We think that considering the short period which had elapsed between the commencement of the suit and the departure of the witness, and that such departure was without defendant's knowledge, the failure to serve him with subpœna cannot fairly be said to be negligence.

Nor do we think that for the omission to secure the deposition of the witness the application should have been denied.

But a little more than one month had elapsed between the service of summons and the application; it is true the deposition might, for any thing we can see, have been obtained within that time; but this would have been an exercise of the highest degree of diligence, and this at the first term, especially in a court holding its sittings upon every alternate month.

For this error the judgment of the probate court will be reversed and the cause remanded for further proceedings.

*Reversed.*